442 P.2d 467

Sumner J. HATCH and Robert M. McRae, Plaintiffs and Respondents,

v.

Mary RENZO and Tony Renzo, Defendants, and

Jesse Gallo and Lena Gallo, his wife, Interpleaded Defendants and Appellants.

No. 11076.

Supreme Court of Utah.

June 18, 1968.

W. R. Huntsman, West Jordan, for appellants.

1. Tucker Realty, Inc. v. Nunley, 16 Utah 2d 97, 396 P.2d 410; .Sanctions to Effectuate Pretrial Discovery, 58 Columbia

Hatch & McRae, Robert M. McRae, Salt Lake City, for respondents.

TUCKETT, Justice:

On August 4, 1966, the plaintiffs commenced this action upon a promissory note executed by Mary Renzo and Tony Renzo and to foreclose a mortgage executed by Mary Renzo to secure payment of the note. Jesse Gallo and Lena Gallo intervened by leave of court, filed an answer and counterclaim against the plaintiffs wherein the Gallos claim that they are the holders of a prior mortgage executed by Mary Renzo. Counsel for the Gallos filed an answer on behalf of Mary Renzo and later withdrew as her counsel. Mary Renzo was not thereafter represented by counsel.

The plaintiffs served notice upon the Renzos and the Gallos that their depositions would be taken on February 11, 1967, at the offices of the plaintiffs. The Gallos appeared at the time and place set for their depositions but refused to have their depositions taken in the presence of the Renzos. Thereafter the plaintiffs applied to the court for an order compelling the Gallos to appear for the purpose of having their depositions taken on a subsequent date. The plaintiffs also requested the court under the provisions of Rule 37, U.R.C.P.[1], to award them attorneys' fees and costs

Law Review 480; Societe Internationale, etc. v. Rogers,. 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d.1255.

by reason of the failure of the Gallos to permit the taking of their depositions. The court issued its order requiring the Gallos to submit to the taking of their depositions and also awarded the plaintiffs costs and attorneys' fees.

The deposition of Mary Renzo had been taken on February 11, 1967, and she subsequently moved her place of residence to the state of California. On May 31, 1967, the court ordered that the deposition of Mary Renzo be filed and published.

On September 27, 1967, the plaintiffs moved the court for an order requiring the Gallos to pay the costs of transportation for Mary Renzo to return to Salt Lake City to be present at the taking of the depositions of the Gallos. Pursuant to the motion of the plaintiffs the court found that the plaintiffs were entitled to have the presence of Mary Renzo at the time of taking of the depositions of the Gallos and ordered that the Gallos deposit with the clerk of the court a sum sufficient to pay the expenses of Mary Renzo in traveling to Salt Lake City and return. In addition thereto the court ordered that the Gallos also pay the prior award of costs and attorneys' fees prior to the time set for the taking of the depositions. The order also provided that upon failure of the Gallos to comply, their pleadings would be stricken. The Gallos failed to comply with the order of the court, and thereafter the pleadings of the Gallos were stricken and they were declared to have no right, title or interest in the mortgaged premises. The court granted the plaintiffs prayer for foreclosure of their mortgage and from that decree the Gallos appeal.

The Gallos are here claiming numerous errors have been committed by the court below. We are of the opinion that only one claimed error deserves our attention. We are of the opinion that the order of the court compelling the Gallos to pay the expenses of Mary Renzo in returning to Salt Lake City to be present during the taking of the depositions of the Gallos was in error. The order does not appear to have been made in compliance with any rule we have been able to discover, nor has counsel invited our attention to any rule which would support that procedure. The deposition of Mary Renzo having been taken, filed and published in the proceedings, we are unable to discern any necessity for her being present during the taking of the depositions of the Gallos. We are of the opinion that the levying of sanctions against the Gallos for failing to comply with that order was erroneous.

The decree and judgment of the court below is reversed and the court is directed to reinstate the answer and counterclaim of the intervenors. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD, and ELLETT, JJ., concur.